RISINGER et al. v. CLARK et al.
(No. 8177.)

(Court of Civil Appeals of Texas. Galveston. June 15, 1922. Rehearing Denied Jan. 4, 1923.)

**1. Railroads ⬳64(1) — Contract to furnish right of way held not uncertain.**

A contract by defendants to furnish a person named and his associate, not named, a strip of land 100 feet wide for a right of way for a railroad to be located by him or his authority and extending from a point 5 miles north or west of a town to the county line, *held* not uncertain as to the parties or the subject-matter; it being immaterial to defendants who were the beneficiaries of the contract, which was made certain as to description of the right of way by the location of the railroad line.

**2. Contracts ⬳10(5) — Unilateral executory contract, performed by promisee, enforceable.**

The rule that a unilateral executory contract will not be enforced has no application to a contract to furnish a right of way for a railroad to be built, where the contract has been fully performed by the promisee.

**3. Railroads ⬳64(2)—Joinder of parties in suit on contract for right of way held proper.**

Where a contract obligated defendants to furnish plaintiff and his associate, without naming him, a right of way for a proposed railroad, plaintiff was entitled to join his associate with him in an action on the contract.

**4. Partnership ⬳155—Partner held estopped to deny copartner's authority to sign firm name to contract.**

Where a partner failed to repudiate the signing of the firm name to a contract to furnish a railroad right of way after he knew the promisee was performing the contract on the strength of the firm signature, he was estopped to deny that he authorized the firm name to be signed by his copartner.

**5. Railroads ⬳64(1) — Obligation to hasten construction within time limited released by failure to furnish right of way required by contract.**

Where defendants repudiated their obligation under a contract to furnish a portion of the right of way for a proposed railroad to a town, and thus rendered it impossible for plaintiffs to construct a road to that place in the time specified in the contract, plaintiffs were under no obligation to hasten the construction of the road on other portions of the right of way.

**6. Railroads ⬳64(1)—Limitation of time for completion of railroad held not to affect obligation to furnish right of way.**

A provision in a contract to furnish a right of way for a proposed railroad that the said road must be built to a specified point within one year, followed by an agreement to pay a bonus to be agreed on, *held* merely a limitation on the bonus obligation, and not a limitation on the obligation to furnish the right of way only in event the road was built within a year.

**7. Railroads ⬳64(2) — Allegation of market value of right of way purchased held necessary.**

In an action for breach of contract to furnish a right of way for a proposed railroad, an allegation of the market value of the property purchased by plaintiff to show its reasonable value was necessary in order to hold defendants liable for the amount expended in procuring the right of way.

**8. Railroads ⬳64(1) — Contract to furnish right of way held not violated by beneficiary.**

A contract by defendants to furnish a right of way for a railroad, which provided that an accepted title was to be furnished within 60 days after request, did not require plaintiffs to wait until the expiration of 60 days before they began acquiring any of the right of way, where defendants, after receiving notice of the location,, failed to take steps to procure the right of way.

**9. Railroads ⬳64(2)—Defense to action on contract to furnish right of way held not avoidable without pleading.**

In an action for breach of contract to furnish right of way for a railroad, the defense' that plaintiffs violated the contract in procuring a portion of the right of way before time allowed for furnishing the same was not available, in absence of allegations and proof that plaintiff paid more than right of way would have cost defendants.

Appeal from District Court, Ft. Bend County; M. S. Munson, Judge.

Action by C. E. Clark and others against Ed Risinger and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

C. G. Krueger, of Bellville, and C. H. Chernosky, of Rosenberg, for appellants.

Peareson & Peareson, of Richmond, for appellees.

PLEASANTS, C. J. This suit was brought by the appellees against the appellants to recover upon the following contract:

"County of Fort Bend, State of Texas.

"Know all men by these presents: That we, the undersigned citizens of Needville and vicinity, Ft. Bend county, Texas, do hereby agree to furnish C. E. Clark, of Houston, Harris county, Texas, for himself and associate, a strip of land 100 feet wide, beginning at the Brazoria county line and extending to a point 5 miles north or west from Needville; the same passing near enough to the town of Needville for the reasonable convenience of its citizens.

"We also agree to furnish such depot and switch grounds along this route as is described, which at Needville is not to be less than five (5) acres. Said strip of land and depot grounds to be located by the said C. E. Clark, or by his authority.

"We understand that this right of way, depot, and switch grounds is only the first part which our citizenship will be expected to do, but that a fair and reasonable bonus will be asked of us, and, if such an amount can be

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

agreed to by and between the said C. E. Clark and our committee, we agree to furnish that as per our agreement, and paid in like manner.

"We agree to and sign this instrument of writing with the understanding that the said C. E. Clark and his associate are to build, along this given route, a standard gauge steam or electric railroad, and operate the same, within not to exceed two (2) years, that the said road must be built to Needville within one (1) year from this date, barring acts of Providence, over which we have no control; also that depot is to be established at Needville, within a reasonable distance from the town.

"What we mean by furnishing land for right of way, depot, and switch grounds, etc., is to furnish an accepted title to same, passed upon by the said C. E. Clark or his representative, the same to be furnished, as above stated, within sixty (60) days after being requested by the said C. E. Clark to do so. We agree to the above in good faith.

"Needville, Fort Bend County, Texas, this 28th day of November, 1916.

"[Signed]    Risinger & Banker.
"August Schendel.
"Jan Petrusek.
"Jan Stransky.
"Kulcak & Horak.
"H. H. Abendroth.
"Joe Marek.
"Wm. Hackstedt."

The petition alleges that this contract was executed and delivered to the plaintiff, C. E. Clark, for him and his associate, J. D. Northrup, who joins in the suit with Clark as plaintiff. The suit is against Ed Risinger, Henry Banker, Joe Kulcak, and Frank Horak, and the other signers of the contract above set out. The petition alleges that Ed Risinger and Henry Banker executed the contract under their firm name of Risinger & Banker, and Joe Kulcak and Frank Horak signed same under their firm name of Kulcak & Horak; that the contract was executed by Joe Kulcak in said name in furtherance of the business of the firm, and that such execution of the contract in the firm name was in the scope of the authority of Joe Kulcak as a member of the firm, and that he was also expressly authorized by Frank Horak to so execute the contract. The acquiescence of Frank Horak in the contract after he knew that it had been executed by Kulcak for said firm, and the fact that plaintiffs, upon the faith of such acquiescence, had expended money and labor in performing their part of the contract, is pleaded as an estoppel against said defendant to deny his liability upon the contract.

It is then alleged, in substance, that plaintiffs accepted and fully complied with all of the obligations imposed upon them by the contract; that they caused a railroad to be located and constructed from the town of Rosenberg southward, through the town of Needville, to Damon, Tex., and said railroad was in operation within two years from the date of the contract and has continued to be operated as a standard gauge steam railroad and as a part of the Galveston, Harrisburg & San Antonio Railway, and is known as the Damon branch of said railway, and that a depot has been established and kept on said railway within a reasonable distance of the town of Needville. It is further alleged that, after said railroad had been located in accordance with the terms of the contract, plaintiffs called upon the defendants to furnish the right of way in accordance with their agreement and promise, but defendants wholly failed to comply with their said contract, and that by reason thereof plaintiffs were unable to complete the road to Needville within the time specified in the contract, and were forced to purchase said right of way at a cost of $10,000, which was its reasonable market value. That by the terms of said contract aforesaid the said defendants jointly and severally became and are now bound to pay to the plaintiffs a reasonable bonus.

"Plaintiffs allege that Ed Risinger, Henry Banker, and August Schendel, jointly and severally acting as the committee for the other defendants and themselves, being thereunto duly authorized by defendants so to do, did verbally both expressly and impliedly agree with the plaintiff Clark that the reasonable bonus to be paid by defendants under the terms of said agreement was and should be $4,500. Plaintiffs allege that Ed Risinger was duly authorized by the other defendants to act for said defendants and he did represent to these plaintiffs, and especially to C. E. Clark, that he was authorized to represent the other defendants, and to agree for them that the bonus to be paid under the terms of said agreement was and should be $4,500, and that the said Risinger did agree for himself, as well as for the other defendants, that said amount was a reasonable bonus to be paid by them to the defendants under the terms of said agreement, and that said amount is a reasonable bonus. If the said party was not authorized to represent the other defendants, he so represented to these plaintiffs, and especially to C. E. Clark, and caused plaintiffs to believe that he was such agent, and that he had authority to so agree, and caused the plaintiffs to act thereupon and to incur obligations on the strength thereof, and if the said Risinger was not authorized to represent the other defendants, then under the circumstances he became and is liable for said bonus of $4,500.

"Plaintiffs further allege that thereafter all of said defendants, in a public meeting held at Needville on or about the 16th day of January, A. D. 1918, did agree with said C. E. Clark that the said bonus to be paid by said defendants was and should be $4,500. * * * By reason of all the foregoing the defendants jointly and severally became bound and are bound and promise to pay to the plaintiffs the sum of fourteen thousand and five hundred dollars, together with interest thereon from July 1, 1918, at the rate of 6

per cent. per annum, but they failed and refused to pay the same or any part thereof, notwithstanding repeated demands therefor by the plaintiffs, to their great damage."

The prayer of the petition is for judgment against the defendants jointly and severally in the sum of $14,500.

The defendants answered by general demurrer, special exceptions, general denial, and special pleas; the nature of the special exceptions and pleas being hereinafter indicated when necessary in determining the questions presented by appellants.

The cause was submitted to a jury in the court below upon special issues, and on findings of the jury and court judgment was rendered in favor of plaintiffs against all of the defendants for the sum of $5,424.50, with 6 per cent. interest thereon from February 2, 1918. The record discloses the following facts:

For some months prior to the execution of the contract plaintiff C. E. Clark was engaged in promoting the construction of a railway to extend from a connection with the Galveston, Harrisburg & San Antonio Railroad at Rosenberg, in Ft. Bend county, in a southerly direction to Damon, in Brazoria county. A number of the citizens of the town of Needville and its vicinity were desirous of having this railway located through or near the town of Needville, and a depot for the reception of freight and passengers established in or near said town. After correspondence and interviews between Clark and appellant Ed Risinger, the obligation sued on was obtained by Risinger and delivered to Clark. Thereafter Clark and plaintiff J. D. Northrup, who became associated with him in the undertaking, procured the location and construction of the railway, which was completed and in operation from Rosenberg to Damon, with a depot established at the town of Needville on grounds furnished by the defendants, within less than two years from the date of the contract. The line of the railway was located as subsequently constructed prior to the 9th day of August, 1917, and on that day defendants were given notice of the location and requested to furnish deeds to the right of way in accordance with the terms of their contract obligation. They failed to comply with this request, and plaintiff Clark procured the right of way, which defendants had agreed to furnish, at a cost and expense to him of $5,226.50, which was its reasonable market value. The railroad was not completed to Needville until January, 1918.

In response to special issues raised by the defendants' answer and evidence and submitted to them by the court, the jury found:

"That the delay in completing the railroad to Needville within one year from November 28, 1916, was caused by the failure of the defendants to furnish the right of way between Needville and Rosenberg to plaintiffs.

"That Clark did not verbally agree with Ed Risinger that, if Risinger caused to be conveyed to Clark an undivided one-half interest in 100 acres of Needville town-site property, Clark would release all defendants from all obligations under the contract.

"That Risinger, in his efforts to secure signatures to the contract in suit, was not acting as agent for Clark, but as agent for the signers thereof.

"That Frank Horak did not authorize Kulcak to sign said contract, but he knew before Clark performed the contract that Kulcak had signed the firm name thereto, and did not to Clark repudiate liability, although he knew that Clark was performing the contract, and did acknowledge liability thereunder to Clark, but that Horak did not thereafter perform the contract to any extent.

"That Clark did not agree with defendant Banker to release him from the obligation of the contract in suit.

"That the reasonable market value of the right of way from the line between Ft. Bend county and Brazoria county line to a point 5 miles north of Needville, excluding the part donated, was $5,424.50.

"That neither Ed Risinger, nor any other defendant, agreed with the plaintiffs as to the amount of bonus to be paid under the terms of said contract.

"That Clark did not agree with August Schendel to release him from the said contract.

"That Risinger did cause to be conveyed to Clark 94 acres of town-site land, but Clark did not accept same in satisfaction and discharge of any agreement that same should be in satisfaction of the unsecured right of way and bonus.

"That some of the defendants did waive the failure of Clark to have the railroad completed to Needville on or before November 28, 1917.

"That Petrusek, after he ascertained that the paper he signed was an obligation, and not a petition, ratified the execution thereof by him."

The first assignment of error presented in appellants' brief complains of the judgment of the court overruling defendants' general demurrer to plaintiffs' petition. Appellants very earnestly insist, under this assignment, that the general demurrer should have been sustained, because the petition shows upon its face that the contract sued upon is incomplete, uncertain, and indefinite, both as to parties and subject-matter, and further contend that the contract is unenforceable for want of mutuality.

[1] There is no merit in any of these objections to the petition. The terms of the agreement are fully and definitely stated in the contract, except as to the amount of the bonus, which was to be subsequently agreed upon by the parties, and as to this the petition alleges that by a subsequent agreement the amount was fixed at $4,500. If this allegation could be held insufficient to cure the want of finality and completeness in the terms of the contract as to the bonus prom-

ised by the defendants, such incompleteness would not affect defendants' agreement to furnish the right of way, which is the only portion of the agreement upon which plaintiffs recovered in the court below. The three obligations of the defendants contained in the contract, viz. to furnish the right of way, furnish depot grounds, and pay a reasonable bonus, are entirely separate and independent of each other. There was no breach by the defendants of the agreement to furnish the depot grounds, and the finding of the jury that the amount of the bonus was never fixed by agreement eliminated that issue from the case, and no judgment was rendered against defendants for any bonus.

There is no uncertainty or indefiniteness as to parties or the subject-matter of the suit. The defendants and the plaintiff Clark were the parties to the contract. The recital in the instrument that Clark entered into the contract for himself and his associate, without naming his associate, in no way affects its validity. It was not material to defendants who were the beneficiaries of the contract made by them with Clark. The legal title to all the rights conferred by the defendants in the execution of the contract with Clark was placed in him. He could associate others with him or not, just as he pleased, and he could sue alone to enforce the obligations of the contract, or could join his associate with him in the suit.

The description of the right of way agreed to be furnished by the defendants is not ambiguous nor indefinite. They agreed to furnish a strip of land 100 feet wide for a right of way for the railroad, "to be located by Clark or by his authority," and extending from a point 5 miles north or west of the town of Needville to the Brazoria county line. The law regards that as certain which can be made certain. After Clark located the railroad line, there was no uncertainty as to the location and identity of the 100-foot strip of land which defendants agreed to furnish.

[2] The contract having been fully performed by Clark and his associate, the rule that a unilateral executory contract will not be enforced has no application. Hopkins v. Upshur, 20 Tex. 89, 70 Am. Dec. 375.

Each of these objections to the petition was also raised by special exceptions. What we have said in disposing of the general demurrer also disposes of the assignments complaining of the action of the court in refusing to sustain the special exceptions.

[3] The allegations of the petition show the right of plaintiff Northrup to join in the suit, and the exception raising the question of misjoinder of parties was properly overruled. The evidence also fully sustains the right of Northrup in the contract, and the objection to the judgment in his favor cannot be sustained.

The fact findings of the jury upon the several issues raised by defendant's answer, before set out, are sustained by the evidence, and the various assignments attacking these findings as contrary to the evidence cannot be sustained.

[4] The defendant Frank Horak, having, as found by the jury, failed to repudiate the signing of the firm name to the contract by his partner, Kulcak, after he knew of that fact, and knew that Clark was performing the contract on the faith of the firm signature, is estopped to deny that he authorized the firm name to be signed to the contract.

The findings of fact above set out dispose of the claims of the several defendants as to any misunderstanding of the contract, or misrepresentation by Clark as an inducement to them to execute it, and also their claims that there was any settlement or release of their liability under the contract to furnish the right of way.

[5] The finding that the failure of the plaintiff to complete the road to Needville in the time specified in the contract was due to the failure of the defendants to comply with their agreement to furnish the right of way is vigorously assailed by the appellants, on the ground that the undisputed evidence shows that other portions of the right of way which plaintiffs had to obtain themselves, and which was necessary to complete the road to Needville, was not secured in time to have completed the road to that place within the year specified in the contract. We do not think this undisputed fact is necessarily inconsistent with the finding complained of. After the defendants had repudiated their obligation to furnish a portion of the right of way necessary to construct the road to Needville, and thus rendered it impossible for the plaintiff to construct the road to that place in the time specified in the contract, plaintiffs were under no obligation to hasten the construction of the road upon other portions of the right of way.

[6] Aside from all this, we do not think the time within which the road was to be completed to Needville can be considered as a limitation upon defendants' obligation to furnish the right of way. Procuring the right of way had necessarily to precede the building of the road, and the contract cannot be construed as meaning that the right of way was only to be furnished if the road reached Needville within a year. We think the obvious purpose and intent of the parties in specifying the time in which the road was to reach Needville and be completed and in operation to the Brazoria county line was to place a limitation upon defendants' bonus obligation, and could not possibly affect the obligation to furnish the right of way upon which the road was to be constructed.

[7] The petition does not seek to recover the market value of the right of way, regardless of its cost to plaintiff, and the allega-

tion of market value is obviously made for the purpose of showing that the amount paid by plaintiffs for the right of way was only its reasonable value. This was necessary in order to hold defendants liable for the amount expended by plaintiffs in procuring the right of way which defendants had contracted to furnish.

[8, 9] There is no merit in the contention that the plaintiffs violated their contract in procuring a portion of the right of way before the expiration of 60 days after defendants were notified of the location of the road. Defendants having failed, after notice of the location, to take steps to procure the right of way, the contract did not require plaintiffs to wait until the expiration of the 60 days before they began acquiring any of the right of way. If the contract could be construed otherwise, defendants could not avail themselves of this action of plaintiffs without alleging and proving that plaintiffs paid more for the right of way than it would cost defendants, and there was no such pleading or evidence.

We have considered all of the various assignments presented in appellants' brief, but deem it unnecessary to discuss all of them in detail. None of them, in our opinion, should be sustained.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.